IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:08CR3082 |
| | ) | |
| v. | ) | |
| | ) | |
| JODENE BURKHART, KELLI LARSON, | ) | MEMORANDUM AND ORDER |
| | ) | |
| | ) | |
| Defendants. | ) | |

The defendants have filed a motion to dismiss, (filing no. 38), motion to transfer venue, (filing no. 34), and motion for discovery, (filing no. 36). For the reasons discussed below, the defendants' motions will be denied.

    A.    <u>Motion to Dismiss</u>.

The defendants are charged with violating 18 U.S.C. § 2320. Counts I and II of the indictment allege:

> [The defendants] did intentionally traffic and attempt to traffic in goods . . . knowingly using on or in connection with such goods, counterfeit marks, . . . which marks are in use and are registered for those goods or services on the principal register in the United States Patent and Trademark Office, the use of which counterfeit marks is likely to cause confusion, to cause mistake, or to deceive.

See filing no. 1. Count III seeks forfeiture of money and items bearing counterfeit marks which were seized on April 3, 2007.

The defendants seek dismissal under the Due Process Clause of the Fifth Amendment, arguing:

> The Trademark Counterfeiting Act found at 18 U.S.C. Section 2320, and its language, "the use of which is likely to cause confusion, to cause mistake, or to deceive" is vague, in that persons of common intelligence must necessarily guess at its meaning.

Filing No. 39, at CM/ECF p. 1.

The defendants claim there is no evidence they "deceived" anyone because potential purchasers were told the purses, wallets, and sunglasses defendants sold were not actually name brand products. The government argues it will prove the defendants deceived third parties and legitimate trademark owners through their advertising and sales of "knock-off" designer purses, sunglasses and wallets. In other words, as to defendants' claim for dismissal of any charge based on proof of deception, the defendant is essentially claiming the court, and not the jury, may decide if the government's evidence supports a conviction. Even in the interest of judicial expediency, a court cannot dismiss a facially valid indictment because it weighed the evidence supporting a probable cause finding and has determined that the indictment is supported by incompetent or insufficient proof. Costello v. U.S., 350 U.S. 359, 363 (1956); United States v. Johnson, 767 F.2d 1259, 1275 (8th Cir. 1985) (holding a facially valid indictment should not be dismissed for insufficient evidence if there is some competent evidence to sustain the charge issued). "It is the jury's role, not the judge's, to find the facts essential to a criminal conviction." United States v. White Horse, 807 F.2d 1426, 1429 (8th Cir. 1986). "[T]he trial judge's role, as it relates to determining whether the elements essential to a criminal conviction have been established, is extremely limited; he instructs the jury on the law applicable to the issues raised at trial. The next two steps are for the jury. The jury first determines the facts, then it applies the law to those facts." White Horse, 807 F.2d at 1430.

The defendant claims that to the extent the government's case rests on proving the alleged counterfeit items sold by the defendants were "likely to cause confusion," dismissal is necessary because "likely to cause confusion" is unconstitutionally vague. "The void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." Posters 'N' Things, Ltd. v. U.S., 511 U.S. 513, 525 (1994).

The defendants' claim that "likely to cause confusion" is vague and cannot provide the basis for a criminal conviction was addressed and rejected by the Eleventh Circuit in U.S. v. McEvoy, 820 F.2d 1170, 1172 (11th Cir. 1987). In McEvoy, the defendant claimed the trial court erred by refusing give a jury instruction listing factors to consider in determining whether the use of the fake trademark was "likely to cause confusion, to cause mistake, or to deceive." The defendant argued the statutory language was vague and therefore unconstitutional. McEvoy held:

> The fact that Congress could have worded a statute in a clearer fashion will not render it unconstitutional. . . . The plain meaning of the statute cannot be seriously disputed. The statute prohibits trafficking in goods where one knowingly uses a counterfeit mark in connection with those goods. A counterfeit is defined as a spurious mark which is used in trafficking, is identical with or substantially indistinguishable from a registered trademark, and is likely to cause confusion, mistake or deception. The act has been applied numerous times in a consistent manner and without any court ever intimating that the act might be unconstitutionally vague.

McEvoy, 820 F.2d at 1172 (internal citations omitted). See also, U.S. v. Gantos, 817 F.2d 41, 44 (8th Cir. 1987) (denying the defendants' constitutional challenges to § 2320 without discussion). This court likewise finds the phrase "likely to cause

confusion" is not unconstitutionally vague. Defendants' facial challenge to the statute will be denied.

The defendants have raised several additional arguments claiming, in essence, that the statute is vague, as applied, because neither the defendants, nor the law enforcement officers who seized evidence from their business, knew and understood what was prohibited under § 2320. Even assuming law enforcement officers wrongfully seized not only bags, purses, and sunglasses with trademarks affixed, but also "look-a-likes" with no trademarks, this mistake cannot support a claim that the law as written is vague and unconstitutional as applied.

The defendants claim § 2320 is vague as applied to them because in this "Wal-Mart" retail culture, they "could not have possibly been aware of the illegality of their conduct, and so should not be held to the criminal sanctions for it." Filing no. 39, at CM/ECF p. 7. Defendants claim the public sale of knock-offs is so pervasive they had no idea it was illegal, and in support of this claim, point out they made no attempt to hide their actions when reporting their income from knock-off sales to the Internal Revenue Service. However, prosecution under 18 U.S.C. § 2320(a) does not require proving specific intent; that is, the government need not prove the defendants knew the act they were committing violated the law. Rather, the government must prove the defendants intended to traffic in goods or services, and knew the goods or services were counterfeit. Gantos, 817 F.2d at 43. Defendants' argument that the statute is unconstitutionally vague, as applied, because the defendants did not and could not know they were violating the law must be denied.

18 U.S.C. § 2320 is not void-for-vagueness, and is not unconstitutional as applied. The defendants' motion to dismiss will be denied.

-4-

B.  Motion to Change Venue.

The defendants have moved to change the location of trial from Lincoln to North Platte pursuant to Rule 18 of the Federal Rules of Criminal Procedure and Nebraska Criminal Rule 18.1. Nebraska Criminal Rule 18.1 provides:

(a) Initial Request. When filing an indictment or information, the government must request in writing on the indictment or information trial in Omaha or Lincoln. Criminal cases are held in North Platte only upon motion granted by the court. The clerk calendars the case according to the initial request or, if none is made, in the city where the clerk receives the case for filing.

(b) Subsequent Request. A party may file a motion and supporting affidavit for a change of the place of trial after the arraignment and before the scheduling or progression order sets the time for filing pretrial motions.

NeCrimR 18.1.

Citing U.S. v. Stanko, 528 F.3d 581, 584 (8th Cir. 2008), the defendants' brief argues North Platte is the proper place of trial because the defendants both live in Scottsbluff, Nebraska; at least thirty witnesses, including five key government witnesses, live west of North Platte, Nebraska, with one living in Lander, Wyoming and twenty-one in Scottsbluff, Nebraska; and the criminal activity at issue occurred in Scotts Bluff County and Lincoln County, Nebraska. The government's brief argues the defendants' crime is not a local crime, and the government's witnesses include high-end fashion merchandisers, many of which will be coming from New York City and will have difficulty traveling to North Platte to attend trial.

Whatever the merits of the parties' arguments, the issue is not properly before the court at this time. Nebraska Criminal Rule 18.1(b) clearly states a party may

move to change the place of trial by filing "a motion and supporting affidavit." NeCrimR 18.1. No affidavits or other evidence have been filed in support of or opposition to changing the place of trial to North Platte. The court will not decide the defendants' motion to change the trial location without evidence. The defendants' motion to change place of trial will be denied without prejudice to re-asserting the motion with proper evidentiary support in accordance with this court's local rules.

    C.    <u>Motion for Discovery</u>.

The defendants' motion for discovery seeks the following three categories of evidence:

- The report issued annually by the Attorney General on the business of the Department of Justice that provides a district-by-district summary of all actions taken by the Department of Justice involving trafficking in goods or services bearing counterfeit marks as defined in 18 U.S.C. § 2320(g);

- Any and all prior testimony or recorded statements made by expert witnesses from any fashion companies, now known or which may become known, which may be or lead to exculpatory material; and

- All U.S. registered trademarks owned by the companies listed in the indictment, including their corresponding registration numbers, and the expiration dates (if any) for the marks.

See filing no. 36.

The defendants argue they need the U.S. Attorney General's annual report on district-by-district prosecutions for counterfeiting as evidence in support of their motion to dismiss. It is likely the defendants believe the report will show counterfeiting is not persistently or consistently enforced, enforcement of the statute

is overlooked, and the statute's vague language results in arbitrary and erroneous enforcement. However, as previously discussed, these arguments for dismissal of the the indictment are rejected.

The defendants are not claiming selective enforcement or prosecution. Moreover, even assuming the statistical summary within the report indicates there were very few 18 U.S.C. § 2320 prosecutions in this district, and the defendants are being prosecuted while others are not, such facts would not excuse the defendants' alleged illegal conduct or tend to prove prosecution is limited or sporadic because the statutory language is vague. The defendants' motion for discovery of the U.S. Attorney General's annual report will be denied.

As to defendants' request for production of fashion company witness statements which may include exculpatory evidence, the government states it has already disclosed all reports from such witnesses to the defense, and currently has no additional reports to provide. The government states it will, as required under Brady, provide the defense with copies of any witness reports it may obtain in the future. Based on the government's representations and assurances of future disclosure, the defendants' motion for production of exculpatory or potentially exculpatory fashion industry witness statements will be denied.

The defendant requests copies of the registered trademarks of the companies listed in the grand jury indictment, including the registration numbers and the expiration dates for the marks. The government has requested certified copies of these documents, but has not yet received them. It agrees to provide copies to the defendant when they are received, but correctly notes these are public documents which the defendants can independently secure through their own initiative. The defendants' motion for discovery of registered trademark documentation will be denied.

IT IS ORDERED:

1) The defendants' motion to dismiss, (filing no. 38), motion to transfer venue, (filing no. 34), and motion for discovery, (filing no. 36), are denied.

DATED this 17th day of July, 2009.

        BY THE COURT:

        *Richard G. Kopf*
        United States District Judge